1
2
3
4
5
6
7
8           **UNITED STATES DISTRICT COURT**
9           **SOUTHERN DISTRICT OF CALIFORNIA**
10
11   MANUEL MENDEZ,                          Civil No.   07-0247 WQH (PCL)
12                              Petitioner,  **ORDER TRANSFERRING ACTION
13                                           TO UNITED STATES DISTRICT
                     vs.                     COURT FOR THE CENTRAL
14                                           DISTRICT OF CALIFORNIA,
     V.M. ALMAGER, Warden                    SOUTHERN DIVISION**
15                             Respondent.
16

17          Petitioner is a state prisoner proceeding with a habeas corpus action filed pursuant to

18   28 U.S.C. § 2254 attacking a conviction from the Superior Court of Orange County, California.

19   Upon reviewing the petition, the Court finds that this case should be transferred in the interest

20   of justice.

21          A petition for writ of habeas corpus may be filed in the United States District Court of

22   either the judicial district in which the petitioner is presently confined or the judicial district in

23   which he was convicted and sentenced.  *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial*

24   *Circuit Court*, 410 U.S. 484, 497 (1973).  The application in the present matter attacks a

25   judgment of conviction that was entered in the Orange County Superior Court, which is within

26   the jurisdictional boundaries of the United States District Court for the Central District of

27   California, Southern Division.  28 U.S.C. § 84(c)(3).  Petitioner is presently confined at

28   Centinela State Prison in Imperial, California, located in Imperial County, which is within the

1   jurisdictional boundaries of the United States District Court for the Southern District of
2   California. 28 U.S.C. § 84(d). Thus, jurisdiction exists in both the Central and Southern
3   Districts.

4   When a habeas petitioner is challenging a judgment of conviction, the district court of the
5   district in which the judgment of conviction was entered is a more convenient forum because of
6   the accessibility of evidence, records and witnesses. Thus, it is generally the practice of the
7   district courts in California to transfer habeas actions questioning judgments of conviction to the
8   district in which the judgment was entered. Any and all records, witnesses and evidence
9   necessary for the resolution of Petitioner's contentions are available in Orange County. *See*
10  *Braden*, 410 U.S. at 497, 499 n.15 (stating that a court can, of course, transfer habeas cases to
11  the district of conviction which is ordinarily a more convenient forum); *Laue v. Nelson*, 279
12  F. Supp. 265, 266 (N.D. Cal. 1968).

13  Therefore, in the furtherance of justice, **IT IS ORDERED** that the Clerk of this Court
14  transfer this matter to the United States District Court for the Central District of California,
15  Southern Division. *See* 28 U.S.C. § 2241(d). **IT IS FURTHER ORDERED** that the Clerk of
16  this Court serve a copy of this Order upon Petitioner and upon the California Attorney General.

17

18  DATED: February 13, 2007

19                                          **WILLIAM Q. HAYES**
20                                          United States District Judge

21

22

23

24

25

26

27

28